**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE NAVARRETE, | : | |
| | : | Civil Action No. 09-3683 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Jose Navarette
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge:

Plaintiff Jose Navarrete, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),[1] alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant

---

[1] Although Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, he is asserting claims against federal corrections officials and private individuals and entities, not state actors. Accordingly, jurisdiction does not lie under § 1983.

Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.[2]

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint, and attachments, and are accepted as true for purposes of this review.

Plaintiff alleges that he enrolled in a correspondence course in accounting at Louisiana State University in June of 2006.  He paid the University fees by check, apparently from his institutional account, in the amount of $229.00.  In July 2006, Plaintiff also ordered a textbook and study guide from a Barnes and Noble bookstore at the LSU campus.  The textbook and study guide cost $190.25 and were paid for by credit card issued to a Fermin Lopez.

---

[2] This Complaint was originally filed in the U.S. District Court for the District of Columbia and was transferred to this Court.  See Navarrete v. United States, Civil No. 07-1929 (D.D.C.).

The textbooks were twice sent to Plaintiff at FCI Fort Dix, in August and October 2006, and refused by the FCI Fort Dix mailroom because the required approvals were not in place. Following Plaintiff's grievances, the required approval was entered on December 13, 2006.  By that time, however, a refund had been issued by Barnes and Noble to Mr. Fermin Lopez. Plaintiff never received the textbooks.

Because of the delay in receiving the textbooks, Plaintiff asked officials in the Education Department at FCI Fort Dix to request an extension of time from LSU for completion of the course.  Plaintiff does not state whether the officials complied with his request.  In any event, Plaintiff was not able to complete the course.

Plaintiff alleges, in shotgun fashion, that he is entitled to relief under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, BOP policy statements regarding educational correspondence courses, the Americans with Disabilities Act, Civil Rights Act of America,[3] and all applicable United States treaties and laws.  He seeks $1 million in damages as well as injunctive relief.

---

[3] It is not clear to what "Civil Rights Act" Plaintiff refers.  This Court has already noted that Section 1 of the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983, does not apply here.

Plaintiff names as defendants the United States of America, the Federal Bureau of Prisons, the Warden of FCI Fort Dix, the President of Louisiana State University, the Owner of the Barnes and Noble Book Store at Louisiana State University, and the Education Supervisor at FCI Fort Dix.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

Moreover, no action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002)

(citation omitted). Although failure to exhaust is an

affirmative defense which must be pled by the defendant, a

district court has inherent power to dismiss a complaint which

facially violates this bar to suit. See Ray v. Kertes, 285 F.3d

287, 293 n.5 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65 (3d Cir.

2000).[4]

The Third Circuit observed in Nyhuis, however, that an

inmate may satisfy § 1997e(a) through substantial compliance.

"Without embellishing - for the case law in the area will have to

develop - we note our understanding that compliance with the

administrative remedy scheme will be satisfactory if it is

substantial." Nyhuis, 204 F.3d at 77-8. See also Veteto v.

Miller, 794 F.2d 98, 99-100 (3d Cir. 1986) (vacating sua sponte

dismissal based upon failure to exhaust BOP's Administrative

Remedy Program where prisoner alleged that he had "repeatedly

requested administrative remedies" from the defendants with no

response or success, and remanding to enable plaintiff "to amend

his complaint so as to supply more specific facts on this subject

and to enable the court to hold a preliminary hearing, if

needed").

---

[4] It is not clear from the Complaint whether Plaintiff has
exhausted his administrative remedies with respect to all of his
claims.

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).

The Supreme Court has demonstrated the application of these

general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made.  Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement.  And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." ...  It
> makes sense to say, therefore, that an allegation of
> parallel conduct and a bare assertion of conspiracy
> will not suffice.  Without more, parallel conduct does
> not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality.  Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.
>
> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule
> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief."  A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement
> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the
context of a § 1983 civil rights action, that the Twombly
pleading standard applies outside the § 1 antitrust context in
which it was decided.  See Phillips v. County of Allegheny, 515
F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read
Twombly so narrowly as to limit its holding on plausibility to
the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when
assessing the sufficiency of any civil complaint, a court must
distinguish factual contentions -- which allege behavior on the
part of the defendant that, if true, would satisfy one or more
elements of the claim asserted -- and "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory

statements." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

Although the Court must assume the veracity of the facts asserted

in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." <u>Id.</u> at 1950. Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated. The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief." In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief. A complaint has to "show" such
> an entitlement with its facts. <u>See</u> <u>Phillips</u>, 515 F.3d
> at 234-35. As the Supreme Court instructed in <u>Iqbal</u>,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 2009 WL 2501662, 5 (3d Cir. August 18,

2009) (citations omitted).

> Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances. ... If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

10

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988).

The Supreme Court has not addressed whether supervisors in Bivens actions may be held liable on a theory of respondeat superior.  Most courts to address the issue, however, have held that liability may not be based on respondeat superior.  See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 & n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to 42 U.S.C. § 1983 cases in evaluating the nature of defendant officials' qualified immunity); Kite v. Kelly, 546 F.2d 334, 337-38 (10th Cir. 1976).  See also Parker v. U.S., 197 Fed.Appx. 171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S., 172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential).  This Court finds persuasive the reasoning of those courts that have declined to impose respondeat superior liability in Bivens actions.  Accordingly, the Bivens-type claims against the Education Supervisor of FCI Fort Dix, which appear to be based solely upon a theory of vicarious liability, will be dismissed with prejudice.

## IV.  ANALYSIS

A.   Claims Against the Individual Federal Defendants

Plaintiff has asserted claims against the Warden and Education Supervisor at FCI Fort Dix (the "individual federal defendants").

With very limited exceptions, the Federal Employees
Liability Reform and Tort Compensation Act ("Liability Reform
Act"), 28 U.S.C. § 2679, immunizes federal employees from
liability if they commit negligent or wrongful acts or omissions
while acting within the scope of their office or employment.
This general rule that federal officers are not liable for
conduct arising within the scope of their employment "does not
extend or apply to a civil action against an employee of the
Government--(A) which is brought for a violation of the
Constitution of the United States, or (B) which is brought for a
violation of a statute of the United States under which such
action against an individual is otherwise authorized."  28 U.S.C.
§ 2679(b)(2).  This immunity applies even where federal law does
not otherwise provide a remedy against the United States.  See
U.S. v. Smith, 499 U.S. 160, 166 (1991).

Thus, for most such claims, the exclusive remedy is an
action against the United States,[5] itself, under the Federal Tort
Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., which represents
a limited waiver of the sovereign immunity of the United States.

---

[5] Upon certification by the Attorney General that an
employee was acting within the scope of employment, the United
States is substituted as a defendant.  28 U.S.C. § 2679(d)(1).

28 U.S.C. § 2679(b)(1).[6]  The Federal Tort Claims Act gives a

district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages,
> ... [3] for injury or loss of property, ... [4] caused
> by the negligent or wrongful act or omission of any
> employee of the Government [5] while acting within the
> scope of his office or employment, [6] under
> circumstances where the United States, if a private
> person, would be liable to the claimant in accordance
> with the law of the place where the act or omission
> occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)

(quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins.

Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz,

374 U.S. 150 (1963).

Taking these provisions into account, Plaintiff can proceed

against the individual federal Defendants here only if (1) one of

the exceptions to individual immunity contained in § 2679(b)(2)

---

[6] The United States has sovereign immunity except where it
consents to be sued.  United States v. Mitchell, 463 U.S. 206,
212 (1983).  In the absence of such a waiver of immunity, a
plaintiff cannot proceed in an action for damages against the
United States or an agency of the federal government for alleged
deprivation of a constitutional right, see FDIC v. Meyer, 510
U.S. 471, 484-87 (1994), or against government employees in their
official capacities, see Kentucky v. Graham, 473 U.S. 159, 166
(1985) (a suit against a government officer in his or her
official capacity is a suit against the government).  Plaintiff
can proceed against the United States only to the extent he can
state an FTCA claim.  In addition, Plaintiff has not alleged, and
this Court has not located, any such waiver by the Federal Bureau
of Prisons or by the Federal Correctional Institution at Fort
Dix.  Thus, all claims against the Bureau of Prisons and FCI Fort
Dix will be dismissed with prejudice.

applies or (2) the claim is otherwise valid against the United States pursuant to the Federal Tort Claims Act.

The exception under § 2679(b)(2)(A) for claims arising directly under the Constitution relates to claims permitted by Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Here, Plaintiff has asserted claims under the First, Fourth,[7] Fifth, Eighth, and Fourteenth Amendments.[8]

Several federal courts have held that federal prisoners have a First Amendment right to receive packages, subject to reasonable prison regulations, and that they have a Fifth Amendment due process right to be notified when such packages are rejected, and have further held that federal prisoners may enforce such claims through a Bivens-type action.  See, e.g., Bonner v. Outlaw, 196 Fed.Appx. 447, 2006 WL 2404489 (8th Cir. 2008) and 552 F.3d 673 (8th Cir. 2009); Powell v. Ellis, Civil No. 04-0625, 2006 WL 3333088 (D. Ariz. Nov. 15, 2006).  See also 28 C.F.R. § 540.13 ("When correspondence is rejected, ... [t]he Warden shall also notify an inmate of the rejection of any letter addressed to that inmate, along with the reasons for the rejection and shall notify the inmate of the right to appeal the

---

[7] This Court can discern no basis for a Fourth Amendment claim; accordingly, this claim will be dismissed with prejudice.

[8] The Fourteenth Amendment controls the activity of state governments and has no applicability here.

rejection."). Accordingly, this claim may proceed as against the Warden.[9]

Plaintiff has failed to state a claim under the Eighth Amendment. The Eighth Amendment to the United States Constitution prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346). This component requires that the deprivation sustained by

---

[9] Plaintiff has failed to identify by name the individual who was Warden of FCI Fort Dix at the time his mail allegedly was rejected without notice. The Court construes the Complaint as asserting a claim against the individual who was Warden from August 8, 2006, through October 2006.

a prisoner be sufficiently serious, for only "extreme

deprivations" are sufficient to make out an Eighth Amendment

claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

     The subjective component requires that the state actor have

acted with "deliberate indifference," a state of mind equivalent

to a reckless disregard of a known risk of harm.  See Farmer v.

Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

     A plaintiff may satisfy the objective component of a

conditions-of-confinement claim if he can show that the

conditions alleged, either alone or in combination, deprive him

of "the minimal civilized measure of life's necessities," such as

adequate food, clothing, shelter, sanitation, medical care, and

personal safety.  Rhodes, 452 U.S. at 347-48; Young v. Quinlan,

960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth

Amendment directs that convicted prisoners not be subjected to

cruel and unusual punishment, "the Constitution does not mandate

comfortable prisons."  Rhodes, 452 U.S. at 349.  To the extent

that certain conditions are only "restrictive" or "harsh," they

are merely part of the penalty that criminal offenders pay for

their offenses against society.  Id. at 347.  An inmate may

fulfill the subjective element of such a claim by demonstrating

that prison officials knew of such substandard conditions and

"acted or failed to act with deliberate indifference to a

17

substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Here, Plaintiff has alleged only that he was deprived of textbooks and the opportunity to complete a correspondence course. This deprivation does not rise to the level of an Eighth Amendment deprivation. This claim will be dismissed with prejudice.

To the extent the Complaint could be construed as attempting to assert a claim under the Federal Tort Claims Act, it fails to state a claim.

The FTCA requires the commission of a tort to impose liability. Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992) ("While the FTCA waives sovereign immunity for actions alleging torts by employees of the Government, it does not create novel causes of action. Thus, the mere allegation of a breach of duty under Federal law does not, by itself, state a valid tort claim against the Government."). Plaintiff nowhere describes the commission of a tort under state law. Thus, Plaintiff's allegations are insufficient to state a claim under the FTCA.

Also, assuming that an FTCA claim would otherwise be viable, a district court nevertheless lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies.

See McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67

F.3d at 1091.

> An action shall not be instituted upon a claim against
> the United States for money damages ... unless the
> claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent
> by certified or registered mail.  The failure of an
> agency to make final disposition of a claim within six
> months after it is filed shall, at the option of the
> claimant any time thereafter, be deemed a final denial
> of the claim for purposes of this section.

28 U.S.C. § 2675(a).  Moreover, a claim under the FTCA "shall be

forever barred unless it is presented in writing to the

appropriate Federal agency within two years after such claim

accrues."  28 U.S.C. § 2401(b).  As Plaintiff has not exhausted

his administrative remedies, and more than two years have passed

since his claim accrued, no later than spring of 2007, the FTCA

claim must be dismissed with prejudice.

B.    Claims Against LSU and Barnes and Noble

The allegations of the Complaint do not state any viable

claim against either Louisiana State University or Barnes and

Noble bookstore.  Barnes and Noble sent out the ordered

materials, which were returned, and for which it issued a refund.

Louisiana State University accepted Plaintiff for a

correspondence course, with an established timetable for

completion, and Plaintiff did not complete the course.  The

claims against these defendants will be dismissed with prejudice.

V.   CONCLUSION

For the reasons set forth above, the First and Fifth Amendment claims may proceed as against the Warden.  All other claims will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  It does not appear that Plaintiff could amend his Complaint to state a claim.

An appropriate order follows.


**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **January 27, 2010**