IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSÉ NAVARRETE,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 09-3683(JBS/AMD)<br><br><br>**OPINION** |

APPEARANCES:

José Navarrete
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640
      Plaintiff pro se

Paul J. Fishman
United States Attorney
By:  Elizabeth A. Pascal
      Assistant U.S. Attorney
UNITED STATES ATTORNEY'S OFFICE
Camden Federal Building and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, N.J. 08101
      Attorney for Defendant Former Warden Charles E. Samuels, Jr.

**SIMANDLE**, Chief Judge:

I.    INTRODUCTION

     This action is before the Court on the unopposed motion of

the sole remaining Defendant in this action, former Warden

Charles E. Samuels, Jr., for summary judgment.  [Docket Item 65.]

Plaintiff José Navarrete, an inmate confined at the Federal

Correctional Institution at Fort Dix, New Jersey, brought this
action for damages to recover the cost of a correspondence course
for which he registered but was unable to complete because he did
not receive the course textbook and study guide in time to
complete the course.  Plaintiff's surviving claim alleges that
Former Warden Samuels, who was Warden at FCI Fort Dix at the time
of the events alleged in Plaintiff's Complaint, caused a
violation of Plaintiff's constitutional rights under the First
and Fifth Amendments to the United States Constitution, and is
therefore liable to Plaintiff for damages caused by such
violation pursuant to Bivens v. Six Unknown Fed. Narcotics
Agents, 403 U.S. 388 (1971).  Defendant Samuels now moves for
summary judgment, arguing that the record is devoid of any
evidence indicating that he was personally involved in the
returning of Plaintiff's textbook and study guide, and that he
therefore cannot be found liable under a Bivens claim.  Because
the Court agrees with Defendant that no dispute exists on the
record over the Defendant's personal involvement in Plaintiff's
injuries, the Court will grant Defendant's motion.

**II.  BACKGROUND**

The following facts are contained in Defendant's statement
of uncontested facts, submitted pursuant to Local Civil Rule
56.1(a), and are deemed undisputed by the Court for purposes of

this motion, as Plaintiff has not disputed any of the supported facts.  See L. Civ. R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

Plaintiff, who was at all times relevant to this action an incarcerated prisoner at FCI Fort Dix, applied to participate in an accounting course through the Louisiana State University's Office of Independent Study in June of 2006.  Pascal Decl. ¶ 2 and Ex. B.  Plaintiff paid the $229 course fee and study guide fee out of his Federal Bureau of Prisons ("BOP") inmate account later that month.  Id. ¶ 3.  The course enrollment period was from June 19, 2006 to March 19, 2007.  Id.

Toward the end of July of 2006, a friend and fellow inmate of Plaintiff ordered and paid for a textbook and study guide for Plaintiff to use in the accounting course from the LSU bookstore. Id. ¶ 2.  Plaintiff did not request or complete a package authorization form to receive the package containing this textbook and study guide.  Id. ¶ 3.  The mailroom at FCI Fort Dix had a regular practice of requiring that inmates submit an approved a package authorization form for all packages, including packages containing textbooks and other educational materials, or the mailroom would return such package to the sender unopened. Rodriguez Decl. ¶¶ 4-6.  When an unauthorized package was

3

returned to the sender unopened, notification was not given to the inmate, but a notation to the sender would be included on the returned package.  Id. ¶¶ 6, 14.

By September of 2006, Plaintiff had not received his textbook and study guide, so he began submitting inmate requests to the Education Department and the Associate Warden at FCI Fort Dix, asking after the missing package.  Pascal Decl. ¶¶ 2-3.  In October, he wrote to the LSU Independent and Distance Learning Department asking after the textbook and study guide and was informed that the package was returned by FCI Fort Dix, marked "refused."  Id. ¶ 4.  Plaintiff's friend received a refund for the books.  Id.

On December 2, Plaintiff requested, for the first time, a package authorization form to receive the package containing the textbook and study guide.  Id.  He also, on that date submitted another inmate request to staff asking after his returned package, but for the first time directed such request to the mailroom and sent a copy of the request to Defendant Former Warden Samuels.  Id. ¶¶ 2, 4.  This was the first notice that Defendant was given regarding Plaintiff's textbook.  Id.

On December 11, 2006, Plaintiff's friend ordered the textbook and study guide again from the LSU bookstore.  Id. ¶ 4.  On December 13, Plaintiff completed the proper authorization

request forms to receive the textbook and study guide for the course, which was promptly approved.  Id.  Plaintiff received the textbook and study guide for the course on February 7, 2007.  Id.

Plaintiff did not contact Defendant regarding the status of his textbook until after it had been returned.  Shortly thereafter, Plaintiff received his textbook after he complied with the FCI Fort Dix procedures for receiving packages.  Id. ¶ 2-4; Moran Decl. ¶ 4.  During his time as Warden of FCI Fort Dix, Defendant did not have personal involvement with the day-to-day operations regarding delivery, rejection, or return of inmate mail.  Samuels Decl. ¶¶ 2, 6.  Nor was he involved in creating, applying, or interpreting BOP policies regarding the rejection of inmate mail or the training of mailroom staff.  Id. ¶ 6.

Plaintiff initially filed his Complaint pro se in the United States District Court for the District of Columbia.  [Docket Item 1.]  The action was subsequently transferred to this Court [Docket Item 4.], and on January 28, 2010, the Court completed its sua sponte review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b).  [Docket Items 9 & 10.]  The Court dismissed all claims against all Defendants save Plaintiff's claim of a constitutional violation against Defendant Former Warden Samuels pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

## III. STANDARD OF REVIEW

Summary judgment is appropriate when the record shows that there is no "genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In establishing whether there is a disputed issue of material fact, the Court must view the evidence in the light most favorable to the nonmoving party. "The nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 255 (1986)).

Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The nonmoving party's failure to respond to the motion does not mean summary judgment is warranted.  See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  The Court must still determine, even for an unopposed summary judgment motion, whether the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).  Failure to oppose the motion does

mean, however, that the Court may consider facts asserted in the moving party "undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2); See also Anchorage Assocs., 922 F.2d at 175.

## IV. DISCUSSION

Defendant moves for summary judgment on the ground that Plaintiff can point to no evidence raising a dispute of fact on which a factfinder could reasonably conclude that he was personally involved in or responsible for Plaintiff's injury, namely, the return of his textbook and study guide. Even assuming that the return of Plaintiff's textbook and study guide in August or September of 2006 violated Plaintiff's First and Fifth Amendment rights, Defendant argues that he cannot be held liable for such violation because no dispute exists indicating that he was in any way personally involved in the return of Plaintiff's books.

There is no respondeat superior liability for Government officials facing a Bivens action. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676. Therefore, an essential element of Plaintiff's claim is that some

action taken by Defendant violated Plaintiff's constitutional rights and caused Plaintiff's injuries.

Defendant argues that because no facts exist in the record indicating that Defendant took any action that caused Plaintiff's alleged constitutional deprivation, the Court must grant Defendant's motion for summary judgment.  The Court agrees.  The undisputed facts establish that Defendant was not on notice of Plaintiff's returned textbook until, at the very earliest, after his books had already been returned to the LSU bookstore and after Plaintiff had applied for permission to receive the package.  Further, the undisputed facts establish that Defendant was not involved in the creation of mailroom policy, the operation of the mailroom, or the training of mailroom employees at FCI Fort Dix during his tenure at the institution. Accordingly, the Court will grant Defendant's motion for summary judgment in this action.

## V.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's unopposed motion for summary judgment, as the Court has concluded that no factfinder could reasonably conclude, based on the undisputed facts in the record, that Defendant Former Warden Samuels had any personal involvement in Plaintiff's

injuries in this action.   Therefore, because Plaintiff cannot

recover for constitutional violations against a Government

official on a theory of <u>respondeat</u> <u>superior</u> or vicarious

liability, the Court will grant Defendant's motion for summary

judgment and terminate the action upon the docket.   The

accompanying Order shall be entered.


**September 4, 2012**            **s/ Jerome B. Simandle**
Date                     JEROME B. SIMANDLE
                          Chief U.S. District Judge