```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

JOSE NAVARRETE,

        Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil No. 09-3683 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE**, Chief Judge:

    Plaintiff Jose Navarrete, pro se, now brings a motion to alter or amend the final judgement in this case, pursuant to Fed. R. Civ. P. 59(e). [Docket Item 70.] For the reasons described below, the motion will be denied. The Court finds as follows:

    1. Plaintiff, who was confined at the Federal Correctional Institution at Fort Dix, New Jersey, brought a Bivens action[1] against the United States, the Federal Bureau of Prisons, the Warden of FCI Fort Dix, the Education Supervisor at FCI Fort Dix, the President of Louisiana State University ("LSU"), and the owner of the Barnes & Noble Book Store at LSU. Navarrete v. United States, No. 09-3683, 2010 WL 398449, at *2 (D.N.J. Jan. 28, 2010). Plaintiff alleged that, while incarcerated, he enrolled in a correspondence course at LSU and his textbooks were

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

refused improperly by the FCI Fort Dix mailroom and returned to the bookstore. Id. Ultimately, Plaintiff was unable to complete the course. Id.

2. The Court granted Plaintiff's motion to proceed in forma pauperis and simultaneously screened the Complaint pursuant to 28 U.S.C. § 1915(e). The Court dismissed all claims against all parties, except for the First and Fifth Amendment claims against the Warden, Charles E. Samuels, Jr. Id. at *10. Defendant Samuels moved for summary judgment, and Plaintiff filed no opposition. Navarrete v. United States, No. 09-3683, 2012 WL 3860817, at *1 (D.N.J. Sept. 5, 2012). The Court granted Defendant's motion because "[t]here is no respondeat superior liability for Government officials facing a Bivens action" and "no facts exist in the record indicating that Defendant took any action that caused Plaintiff's alleged constitutional deprivation . . . ." Id. at *3. The Court continued:

> The undisputed facts establish that Defendant was not on notice of Plaintiff's returned textbook until, at the very earliest, after his books had already been returned . . . . Further, the undisputed facts establish that Defendant was not involved in the creation of mailroom policy, the operation of the mailroom, or the training of mailroom employees at FCI Fort Dix during his tenure . . . .

Id.

3. Plaintiff filed the present motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). [Docket Item 70.] Plaintiff argues that he was never "notified of his duty to

oppose the motion or otherwise submits [sic] any dispositive pleading." [Id. at 3.] Plaintiff contends that Defendant is responsible for training his staff and therefore liable for the actions or inactions of the staff. [Id.] He claims that the staff "violated their own rules and regulations when they returned and rejected the books to the University." [Id. at 4.] He also asserts that federal regulation 28 C.F.R. § 540.13 imposes a duty on the Warden personally to notify the prisoner of rejected mail. [Id.] Plaintiff argues that the mail policy at FCI Fort Dix, contrary to the submissions of Defendant, did not require a package authorization form to be filed for textbooks. [Id. at 5.] Plaintiff concludes there are genuine issues of material fact in dispute and requests reconsideration of this Court's award of summary judgment. [Id. at 6-8.]

    4. Defendant, in opposition, urges the Court to deny the motion because it was filed out of time. [Def. Opp'n at 3.] Defendant argues that while Plaintiff's motion would be timely under Rule 59(e), which has a 28-day filing deadline, the motion should be viewed as a motion for reconsideration under L. Civ. R. 7.1(i), which has a 14-day filing deadline. [Id.] Because Plaintiff's motion was filed more than 14 days after the Court's entry of summary judgment, Defendant argues that the motion is untimely and should be denied. [Id. at 3-4.] The Court finds that Plaintiff's motion is properly characterized as a motion under

Rule 59(e), because it seeks reconsideration of the Court's grant of summary judgment in favor of Defendant -- a final judgment -- and therefore the motion is timely. See <u>Warner v. Twp. of S. Harrison</u>, No. 09-6095, 2012 WL 2466573, at *19 (D.N.J. June 26, 2012) (stating that the "provisions of Rule 59 are designed to address orders rendering a final judgment," whereas L. Civ. R. 7.1(i) is a mechanism for reconsideration of interlocutory orders); <u>see</u> <u>also</u> L. Civ. R. 7.1(i) ("<u>Unless</u> <u>otherwise</u> <u>provided</u> by statute or rule (such as <u>Fed.</u> <u>R.</u> <u>Civ.</u> <u>P.</u> 50, 52 and <u>59</u>), a motion for reconsideration shall be served and filed within 14 days . . . .") (emphasis added).

5. In the alternative, Defendant argues that Plaintiff fails to satisfy the standards for reconsideration because Plaintiff demonstrates no intervening change in law, adduces no new evidence that was not available when the Court granted summary judgment, and identifies no clear error of law or fact, citing <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). [Def. Opp'n at 4-5.] Defendant argues that, instead, Plaintiff "is attempting to impermissibly use the present motion to oppose Defendant's motion for summary judgment." [<u>Id.</u> at 6.] Even if the Court were to consider the substance of the motion, Defendant asserts that Plaintiff only argues that the Warden should be held liable for the behavior of his staff, a contention that this Court has rejected. [<u>Id.</u> at 8.] "Plaintiff has failed

4

to point to any evidence establishing that Former Warden Samuels was personally involved in the constitutional violations he alleges." [Id. at 9.]

6. The Court agrees with Defendant that Plaintiff has not stated any ground upon which reconsideration may be granted. See Star Pac. Corp. v. Star Atl. Corp., No. 08-4957, 2012 WL 1079624, at *1 (D.N.J. Mar. 30, 2012) (stating that a judgment may be altered or amended under Rule 59(e) if the plaintiff shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," quoting Max's Seafood Café, 176 F.3d at 677). Rule 59 is "an extremely limited procedural vehicle and may not be used to expand the record before the court." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (internal quotation marks omitted). Plaintiff here attempts to make arguments that should have been made, but were not, in opposition to the motion for summary judgment. Reconsideration motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). The motion will be denied.

7. Plaintiff explains his failure to file opposition to the summary judgment motion by stating that he was not aware of the need to respond. [Pl. Mot. Br. at 3.] The Court finds this argument unpersuasive. First, Defendant's motion brief for summary judgment contained language instructing Plaintiff what he must do to avoid the entry of summary judgment:

> In opposing summary judgment, the non-moving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' The non-moving party must 'cit[e] to particular parts of materials in the record,' to 'show[] that the materials cited do not establish the absence . . . of a genuine dispute.'

[Def. Mot. for Summary Judgment at 12; Docket Item 65-2.] Furthermore, special notice to pro se litigants is not required in this circuit when a party files a motion for summary judgment. The Third Circuit has held that district courts should provide pro se prisoners with notice and a copy of Rule 56, plus a short summary explaining its import and highlighting the utility of a Rule 56(f) affidavit, but only when the court is <u>converting</u> a motion to dismiss into a motion for summary judgment. <u>Renchenski v. Williams</u>, 622 F.3d 315, 340 (3d Cir. 2010). The Third Circuit has never gone as far as some other circuits to hold that such notice and guidance is required upon filing of any summary judgment motion. Although this Court must construe pleadings of a pro se plaintiff liberally, "the right of self-representation does not exempt a party from compliance with relevant rules of

procedural law." <u>Siluk v. Beard</u>, 395 Fed. Appx. 817, 820 (3d Cir. 2010) (citing <u>Hedges v. United States</u>, 404 F.3d 744, 753 (3d Cir. 2005)). Third Circuit case law does not compel this Court to consider Plaintiff's arguments opposing summary judgment that are raised for the first time in a motion for reconsideration.

    8. Even if the Court erred in granting summary judgment without providing Plaintiff with more notice about Rule 56, the error was harmless because nothing contained in Plaintiff's present motion would have prevented the entry of summary judgment. Plaintiff continues to argue that Defendant should be liable for the actions of his staff, which "violated their own rules and regulations when they returned and rejected the books to the University." [Pl. Mot. Br. at 4; <u>see</u> <u>also</u> <u>id.</u> at 3 (the Warden "is responsible for their [the staff's] actions or inactions"); <u>id.</u> at 4 ("the Warden[,] through his staffs [sic], violated" federal regulations); <u>id.</u> at 6-7 ("the Warden is the only responsible [sic] for the unconstitutional behavior of his surrogated staffs").] But Plaintiff makes no showing that the Court's analysis of respondeat superior liability under <u>Bivens</u> was erroneous, and the Court identifies no deficiency in that analysis.

    9. To the extent Plaintiff argues that Defendant was responsible for training his staff and is liable for his failure to do so or for any negligence in training, the argument is

7

without merit because Plaintiff has not presented any evidence to show that Plaintiff personally was responsible for training the staff or that Defendant acted with deliberate indifference in his failure to remedy the deficiency in training. See <u>Lapella v. City of Atlantic City</u>, No. 10-2454, 2012 WL 2952411, at *6 (D.N.J. July 18, 2012) (reciting the standard for failure to train under 42 U.S.C. § 1983, citing <u>Malignaggi v. Cnty. of Gloucester</u>, 855 F. Supp. 74, 77 (D.N.J. 1994)).[2] <u>See also</u> <u>Crawford v. Lappin</u>, 446 Fed. Appx. 413, 416 (3d Cir. 2011) (questioning whether a "failure to train" theory is even viable in the <u>Bivens</u> context); <u>Chinchello v. Fenton</u>, 805 F.2d 126 (3d Cir. 1986) (analyzing a <u>Bivens</u> claim under a "failure to train" theory and stating "there is no affirmative duty to train, supervise and discipline subordinates").

    10. Plaintiff argues that federal regulation 28 C.F.R. § 540.13 imposes affirmative duties on the Warden himself: "the Warden <u>shall</u> notify the sender in writing of the rejection and the reason for the rejection. The Warden <u>shall</u> also give notice that the sender may appeal the rejection." [Pl. Mot. Br. at 4, quoting § 540.13 (emphasis in Plaintiff's brief).] Plaintiff quotes the definition section of the regulations, 28 C.F.R. §

---

[2] <u>Bivens</u> is the federal equivalent of a 42 U.S.C. § 1983 action against state actors and is a judicially created cause of action to address civil rights violations by federal officials. <u>Brown v. Phillip Morris Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001).

500.1, to emphasize that the word "shall means an obligation is imposed." [Id.] However, that same definition section defines "Warden" to include subordinate staff: "Warden means the chief executive officer of a . . . Federal Correctional Institution . . . [and] also includes any staff member with authority explicitly delegated by any chief executive officer." 28 C.F.R. § 500.1(a). Therefore, the regulations themselves do not impose a nondelegable duty on the Warden personally, and because Plaintiff has not alleged any personal conduct by Defendant, the entry of summary judgment was appropriate.

    11. Finally, Plaintiff contends that if the Warden cannot be liable, the staff member who returned the mail improperly should be liable, and the "dismissed defendants shall be reinst[at]ed as defendants." [Pl. Mot. Br. at 7.] However, Plaintiff never sued any individual mailroom staff member and, consequently, the Court never terminated such a defendant. No staff member can be "reinstated" at this time.

    12. The motion to amend or alter the judgment is denied. An accompanying Order will be entered.

 **March 4, 2013**                   **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                             Chief U.S. District Judge